Mr. Owens. Good morning. May it please the court, my name is Dean Owens and I represent the Appellant National Labor Relations Board. The NLRB initiated this case by filing an adversary complaint in bankruptcy court seeking a determination that a debt owed to the former employees of Ed Calvert be found non-dischargeable. Section 523A.6 precludes debtors from discharging debts based on willful and malicious conduct. The bankruptcy court as affirmed by the district court found that the NLRB did not prove the element of malice, that is that the NLRB had not proven Mr. Calvert acted without cause or excuse. The issue before this court is whether this element of malice has been established by a prior administrative adjudication that found debtor discharged his employees in violation of the National Labor Relations Act. The NLRB is asking the court to reverse the bankruptcy court's judgment because a person who has deliberately violated the statutory rights of another has acted without cause or excuse. There are three primary points that lead to the conclusion Mr. Calvert acted with the appropriate malice to render his debt non-dischargeable. First would be that Mr. Calvert owed a duty to his employees to refrain from certain conduct. Mr. Owens, which particular findings by the court are you relying on? I ask this particularly because the district judge said that the board had failed to identify the particular findings that were being relied on. So I looked in your brief to see how that omission was going to be fixed and I couldn't find any pointers to particular findings. So what findings are you relying on? When Congress passed the statute, Your Honor... I'm not asking about Congress passing statutes. I'm asking you to point me to the findings by the board that you are relying on. The board and underlined administrative proceeding found that Mr. Calvert alone made the decision to discharge the employees. The court had to... I don't see how that responds either to the bankruptcy statute or to my question. Your Honor, in order to resolve the underlying question of whether Mr. Calvert violated the statute, the National Labor Relations Act, the court had to make a determination as to why he discharged his employees. The court? I'm asking about the board's findings. Are there particular findings that you're relying on? The answer may be no. In the end, I read your brief as saying that no debt attributable to an unfair labor practice ever may be discharged and it doesn't matter what concrete findings the board made. I don't know of any decision supporting that proposition, but we can resolve that proposition. But if you're relying on particular findings by the board, this is your last chance to flag them so I can go read them. Your Honor, the board found that Mr. Calvert discharged his employees based on a prohibitive motive. They found that Mr. Calvert discharged his employees based on anti-union animus. Mr. Calvert had a duty not to take that action against his employees. That was a finding made by the court. That's why I think you're just saying that no debt attributable to an unfair labor practice ever may be discharged in bankruptcy. You don't seem to be relying on particular findings. Now, if we're going to take the high generality level, my next question is, has any court of appeals accepted that broad argument? I can't speak to your question or your statement that my position may be that it would never violate... I wish you would address my question. My final question was, has any court of appeals accepted that argument? The answer has to be yes or no, and if it is yes, you can then cite me the cases. With respect to the NLRA, the National Labor Relations Act, no, there's not a circuit court decision out there answering that question. So does it seem to you peculiar that we're now closing in on 80 years? Maybe it's a little over 80 years since the passage of the National Labor Relations Act, but there is... It doesn't strike me as odd, Your Honor. I mean, it requires a certain special set of facts for a case to get the finding and then end up in a bankruptcy. All it requires is for a debt after a finding of an unfair labor practice not to be paid, and that seems to be depressingly common. But, Your Honor, your argument could be similarly made in a moral stopper issues come up in 523A6 cases. Even similarly in, I would say, the Gendouza-Nicolai case, where it was based on a physical... The debt was based on a physical assault and a subsequent battery finding. You can make similar kind of findings in those cases. The question is whether, in malice, is whether the act was lawful or wrongful act. In this case, it was. But preclusion doctrine requires a more robust analysis than just the fact that there was an adjudication of this claim in another forum. You have to analyze the elements of the claim as well as what factual findings were made, and I had the same difficulty that my colleague did in discerning from your briefing exactly what your argument is here. Is it that the agency made certain factual findings that are preclusive? And if so, what are they? Or is it your argument that the agency made some legal determinations that are preclusive? And for that, we need some authority. I mean, there's a structure to a preclusion claim that seems noticeably absent here. I mean, preclusion was raised, but the usual structure that we would see in a preclusion case. Here, Your Honor, the critical issue is a factual finding as to why Mr. Calvert fired his employees, why he discharged his employees. That's the critical issue that was applied by the Bankruptcy Court in issuing its judgment against the NLRB's complaint. It's also the critical issue for an administrative law judge and for the National Labor Relations Board to determine whether his conduct was legitimate. Try yet again. There are two kinds of preclusion that might be applicable. One is claim preclusion, and the other is issue preclusion. It doesn't seem to me that the Board is arguing claim preclusion, because the only claim has to do with whether there was an unfair labor practice, and that's not an issue in the bankruptcy. So there is issue preclusion, and that has to be decided issue by issue by looking at the finding of the proceeding, and deciding whether it was actually and necessarily resolved in the underlying proceeding. And that has to be done finding by finding. And the difficulty I'm having, and which at least one of my colleagues is having, is that without identifying any particular findings, we can't decide whether they were made and whether they were necessarily made in the underlying proceeding, which is essential to a claim of issue preclusion. Your Honor, when Mr. Calvert testified in defense of ELC at the underlying administrative hearing, he presented three... We don't care. I don't care what he testified to. What matters to issue preclusion is findings actually and necessarily made by the prior tribunal. So pointing to what a litigant said doesn't matter. You need to point to the findings, and then you need to show that they were necessarily made in the prior proceeding. And then we can apply the standard rules of issue preclusion. Thanks, Your Honor. My point was here is that the judge had to necessarily make a determination as to whether Mr. Calvert's reasons for firing his employees was a legitimate reason for why he took that action. At trial, he offered three different specific reasons, different reasons for why he discharged his employees, and the court made a specific finding that those were pretexts for the real reason for why he discharged his employees, which was a protected reason, an awful reason of anti-union animus. When you say at trial, you mean at the trial before the ALJ? That's correct, Your Honor. And you're talking about under 8A3? Correct, Your Honor. So the finding of a violation under 8A3 necessarily requires a finding of motive. Mr. Calvert presented his alternate theory of why he fired his employees, and that was specifically found- You know that that's not the way claims of issue preclusion work. It's not a question of what was necessary, unless you have actual findings. First, you figure out what was actual decided, then you figure out whether something was necessarily decided. And I don't think you can say there's no need to figure out what the ALJ or the board actually said, because we say they needed to say X. It's not the way the law of preclusion works. I have a hard time following the difference, Your Honor, whenever the- Yes, that's clear. Well, Your Honor, I apologize. The bankruptcy, the underlying administrative judge had to absolutely make a determination as to why he took the action he did. They had to make a specific finding, which the court did. And we are asking you to point us to the specific findings actually made. I kept looking at your brief. Your brief cites something called Appendix Exhibit 7, page 1219. So I looked at Exhibit 7. Exhibit 7 is not the set of findings dealing with the supplemental proceedings after the layoff. Exhibit 7 is the set of findings dealing with the validity of the election. It's not even the right order. And, of course, you don't cite a single page within Exhibit 7. Page 1219 is the page where something appears in the NLRB reports. It's not an appendix page. Your brief doesn't cite anything. Your Honor, I can't respond to your comment directly. This morning, I wasn't prepared for the question. I don't have the record directly in front of me. This was the principal difficulty that the district judge had on your appeal from the bankruptcy court. It surprises me that you come unprepared to discuss it. She went on at great length identifying the deficiencies, so we would expect them to be cured in this court. Your Honor, malice requires a very specific definition. In this case, what needs to be shown is that Mr. Calvert acted without cause or excuse, that he made an intentional act, and he wasn't privileged to take that act. The findings of the court show that Mr. Calvert fired his employees without any legitimate business excuse. In fact, he acted on a— Well, actually, the non-dischargeability statute requires not just an intentional act but an intent to injure. There is a distinction there. There is, Your Honor. That issue is bound up in the willfulness element, which was it—is before the court today. The bankruptcy court did find that Mr. Calvert acted with substantial certainty that he was going to injure his employees. Right. The main pressure point in this case is the malice question, and that turns on the findings that were made about motivation and cause in the agency proceeding. Correct, Your Honor. And that's where we're flying a bit blind here. I would like to reserve the last two minutes of my time for a rebuttal. Thank you. Certainly, counsel. Ms. Mates. It's Mapus. May it please the court, the NLRB seeks to reverse the bankruptcy court determination that Mr. Calvert's debt is dischargeable, and the NLRB does so by relying exclusively on an administrative decision from 2004 against Mr. Calvert's company, ELC, relating to ELC's discriminatory discharge of union employees. But the bankruptcy court and the district court got it right. The administrative proceeding against ELC contains no specific findings as to Mr. Calvert's malice, and the NLRB did not otherwise establish malice at trial before the bankruptcy court. Thus, issue preclusion does not apply, and the NLRB did not carry its burden with respect to the non-dischargeability of Mr. Calvert's debt. I wanted to begin by setting aside just momentarily the doctrines of waiver and collateral estoppel and highlight the underlying merit of the case. Is Mr. Calvert's debt dischargeable or not? And whether you focus on the trial record or the administrative record, at most the NLRB has shown anti-union animus. But as the bankruptcy court and the district court concluded, anti-union animus for purposes of the NLRA, or in other words, an NLRA violation, does not constitute malice for the purpose of non-dischargeability. Put another way, and I think it's came out in the argument so far, the NLRB has never clearly argued that an NLR violation is per se or inherently malicious for the purposes of non-dischargeability, and there is certainly no case law holding that the two are equivalent. Well, as best I can understand the argument, it is that the agency's rejection of the rebuttal defense in the agency, that there was some legitimate cause and the company would have taken this action anyway, but without regard to the anti-union animus. The rejection of that, it's not technically an affirmative defense, but the rebuttal case of the employer implicitly is a finding of no malice. That's, I think, what the argument is. I would disagree on the front end that that's a finding of no malice, but I think the deeper issue... Well, what is it? How are we to characterize that for purposes of labor law, which is where we have to look at what was in dispute, factually and legally, before the agency and see how it maps onto this claim. Right. So walking through the collateral estoppel elements, I think your question gets best at whether the issues are the same. So assuming there's a specific factual finding, is that the same issue the bankruptcy court is looking at? And the answer is no, for two very fundamental reasons. One, in the ALJ proceeding, the ALJ was concerned with ELC's motivation. Well, they're in privity, so I don't think there's an issue there, so let's get past that. Okay. The second issue is the different legal standard. The ALJ is looking at the fact that ... So I'm going to start with the bankruptcy court. The bankruptcy court is looking at whether Mr. Calvert acted in conscious disregard of his duties or with just cause or excuse. That's the standard the bankruptcy court is evaluating, and whether the NLRB met its burden. In the administrative proceeding, the NLRB has to show that anti-union animus was a contributing factor. And then the burden shifts to the employer to show that it would have taken the same action, even in the absence of the employee's protected activity. And while there's some similarity, it's not the same thing. The motivation for purposes of the administrative proceeding is not the same as showing there is no just cause or excuse for purposes of the bankruptcy proceeding. Well, why not? The employer has an opportunity to show a legitimate justification to defeat the labor claim. And if the employer makes that effort and fails, is it justified? Is it not implicit that there was no justification? I think the standard's different. In the administrative proceeding, the employer is just ... Here, the ALJ found that Mr. Calvert's explanations did not rebut the fact that anti-union animus was a contributing factor. Just a contributing factor. That's all the NLRB had to show was that it was a contributing factor. Where the bankruptcy court, the question is, is there just cause or excuse? And there was. There was another explanation for the termination. And for bankruptcy purposes, where the standard is construed liberally in the debtor's favor, that's not enough. But wasn't the legitimate excuse adjudicated in the agency proceeding? The legitimacy of that excuse? The question that the ALJ found, going to the specific findings of the ALJ, that Mr. Calvert did not rebut the NLRB's ... I guess I could use a different thing. Well, here we're at a little disadvantage, because we don't know what the findings are that we're asked to give preclusive effect to. So that does pose something of a difficulty. And maybe that's conclusive here, and we just don't go any further. But in the ordinary case where we're asking to decide a preclusion question from a discrimination claim in the labor context, if a finding about the legitimacy of the employer's actions were explicitly made, would that have preclusive effect on the malice question? I think it depends on what those findings are. It does. In the cases where the preclusive effect is given, the facts are much different, and there's much more detail about what the actions were taken with respect to the employee, and we just don't have that in the record here. So I guess to the overarching question, I don't think that issues are necessarily intertwined to the point that every time the NLRB is successful in the administrative context, that is going to necessarily establish malice for purposes of nondischargeability. I think the analysis is different. The burden shifting is different. I think that matters, particularly here we've had a personal bankruptcy of Mr. Calvert where we're trying to hold him accountable for some decision in an ALJ proceeding against his company from a decade earlier about terminating employees. I just think the overall overarching picture, the issues aren't the same in issue preclusion. Well, you're not claiming that he didn't, I mean, all the other criteria aren't met. I mean, he was the company, and besides there was a judgment against him at some point in the supplemental NLRB. The supplemental decision is different. I mean, the supplemental decision where the liability was the debt was held personally attributable to Mr. Calvert was based on a piercing of the corporate veil that was premised entirely on activity that happened later. So none of those actions were in front of the ALJ at the time. Well, he was certainly in privity at any rate. I wouldn't agree that he's in privity, but I think they waive the issue of privity, and the first time privity gets mentioned is in their reply brief in this court, and they've never even addressed that, going back to they never addressed the elements of collateral estoppel. You've got a pro se litigant in bankruptcy court who doesn't see the word privity, doesn't understand this is going to be held against him, and I think they've waived that argument by not raising it until later. And privity goes to the overall fundamental fairness of collateral estoppel. Is it fair to hold someone in a later adjudication accountable for issues decided earlier? Well, he was certainly represented. He was not individually represented. I understand, but the corporate form exists for a reason. They did not name him personally. There are other decisions, some of which they rely on in their brief to discuss privity, where if you go back and look at those cases, the individual was actually a named party to the underlying NLRB determination, and here Mr. Calvert was not a party. He was the principal shareholder, I understand that, but he was not represented personally. We have no reason to believe that there's- Are you saying that he did not control the company's litigation before the board? No, he did. I understand that. I just think- No, that's always enough to make somebody responsible for the findings, controlling the litigation. In fact, the Supreme Court held that in Montana against the United States. So that's not something you can argue. We need to be figuring out what the board's findings were. Well, and I don't think that's clear. I think that at best, the board found that Mr. Calvert, because he was the sole shareholder, made determinations about firing employees, but that doesn't get you malice. That doesn't establish malice for purposes of non-dischargeability. Is your argument based on the idea that they're on the affirmative defense? Yes, because under 883, and I'm not sure the bankruptcy court was relying on 883 when he was looking at the labor findings, there's necessarily ... I mean, the government always has the burden of proof, and it had to show discrimination as defined, right? In the NLRB proceeding, they had the burden to show that the anti-union animus was a contributing factor. I think for purposes of malice for the bankruptcy court, the question is whether Mr. Calvert acted in conscious disregard of his duties without just cause or excuse. I don't believe those two things are legal equivalents, particularly in the bankruptcy context where the overriding policy considerations are to construe all of these requirements in favor of the debtor, where there's a just cause or excuse. The ALJ may have found that excuse not enough to say the anti-union animus played no role, but the bankruptcy judge's question is, is there a just cause or excuse? Here there was, and at trial, the NLRB did not ask Mr. Calvert any questions about his intent at all. Mr. Calvert testified. He offered his explanation, and on that record, the bankruptcy court found that they had not met their burden to establish malice. The district court affirmed that decision, again, looking at whether there was specific findings, and the district court found there were not. For this reason, we argue that the collateral estoppel argument has been waived and not adequately preserved and not argued with specific findings that you would need in order to reach this decision. Even if we agreed with you on the collateral estoppel, isn't there . . . could we nevertheless say that the bankruptcy judge's finding affirmed by the district court was clearly erroneous in terms of what was found in the basis bar? Theoretically, that is there, but there's no . . . if you go back and look at the trial record, the NLRB did not even attempt to carry its burden on malice at trial. Looking at the trial record, they specifically disclaimed any effort to ask Mr. Calvert about his intent, leaving the only testimony on that subject being Mr. Calvert's explanation of why he discharged these employees, which was he was avoiding costly audits from the state of Indiana on common wage projects, and the bankruptcy court credited that testimony and the NLRB offered nothing to contradict that. Well, that isn't quite true, is it, because the NLRB put in the entire administrative record. You sort of circle back around to is there anywhere they pointed to a specific finding. They put them in as exhibits, but no witness marched through them, no witness talked about them. They didn't ask Mr. Calvert why in the NLRB decision below did X, Y, and Z get said. You wouldn't expect witnesses on a preclusion defense. That's a legal issue, but the difficulty is that there isn't a fully formed legal argument here about which aspects of the agency proceeding were being asked to give preclusive effect to. It's just sort of the decision is there and it gets preclusive effect. To the legal issue point, at trial they didn't argue that in closing or opening to point to any of these specific findings. It wasn't in their trial brief. It wasn't in the brief before the district court, so we're still left with other... No, they did. Didn't they argue it a lot in their closing argument before the bankruptcy judge? And I don't have that memorized. My recollection of it, it was, again, not focused on any specific findings. It was just the overall, we think collateral estoppel should apply, but there's no here are the issues, here's what's already been litigated and what we should be precluded from re-litigating. The only actual testimony that anybody pointed the bankruptcy court to or the district court to is Mr. Calvert's testimony in the trial, and that's the only testimony that we've got with any specificity in front of the bankruptcy judge about why these employees were discharged. And Judge Carr found that to be just cause or excuse sufficient to find there's no malice and the debt should be discharged. Preclusion was litigated at summary judgment in the bankruptcy court. It was litigated, if you go back and look at the summary judgment brief, again, there are no specific findings. The malice argument is one paragraph long and there's no here are the elements that we... Right. I don't disagree with that, but it was resolved against the agency at summary judgment. That's why there was a trial, but you wouldn't expect a trial on preclusion. You'd expect a trial on facts and we're not being asked at our level, nor was the district court being asked to find clear error in the fact finding. We don't really have a fallback argument here. It's all preclusion or nothing. I guess I would disagree and say even whatever was found at most is anti-union animus and that's not a legal equivalent to malice for non-dischargeability. So even if you credit that, they still don't get all the way there on malice. I'll just close by reiterating that exceptions to discharge are construed strictly against the creditor and liberally in favor of the debtor and we believe the issues described here today and in our brief fully support upholding the lower court's rulings, particularly against that factor. Unless the court has any other questions, that's all for me. Thank you very much. Thank you very much. Anything further, Mr. Owens? Very briefly, Your Honor. I just want to first comment that the issue of whether the board bore the burden of proof in the underlying proceeding has been well resolved by the Supreme Court. The unlawful motive was proved by a preponderance of the evidence in this matter. Second question, whether the board would believe that NE 8-3 would constitute malice. That's yes. We do believe that any violation of Section 883 of the Act would constitute the requisite malice under the definition applied by this court. That would be that the person acted without cause or excuse and in this case, there was a five-day administrative trial that determined that Mr. Calvert discharged his employees with an unlawful motive. Any person that's acted deliberately in violation of another person's statutory rights, we believe constitutes malice under this court's definition. Thank you. Thank you very much, counsel. The case is taken under advisement.